■ MARIA SWEZEY, Respondent, v MONTAGUE REHAB & PAIN MANAGEMENT, P.C., et al., Defendants, and SHAMA RASOOL, Appellant. [855 NYS2d 153]—

The plaintiff was required to undergo surgery to remove what she alleged was an acupuncture or electromyography needle that penetrated the right ventricle of her heart. She commenced an action against various chiropractors and acupuncturists alleging, inter alia, that they were negligent in allowing the needle to remain in her chest. She also commenced a second action (now consolidated with the first) against various physicians, including the appellant Shama Rasool, a psychiatrist, alleging, among other things, medical malpractice. Specifically, the plaintiff alleged, inter alia, that Dr. Rasool departed from good and accepted medical practice when she treated, as psychosomatic, her repeated complaints of chest and other physical pain without having medical tests performed to rule out an actual physical condition. Dr. Rasool moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her. We affirm the denial of such relief.

In support of the motion, Dr. Rasool submitted her own affidavit wherein she averred that she never agreed to "diagnose, evaluate or treat the plaintiff for any physical malady or condition," and that the plaintiff never complained to her of "chest pain, heart pain or palpitations." Thus, Dr. Rasool argued, she did not depart from good and accepted medical practice in her treatment of the plaintiff. However, in light of the plaintiff's sworn assertions that she made repeated complaints of chest and other physical pains to Dr. Rasool, and that Dr. Rasool assured her that such pains were in her "imagination," Dr. Rasool's sworn assertions that no such complaints were made merely raised issues of fact as to the same. Consequently, Dr. Rasool failed to establish her prima facie entitlement to judgment as a matter of law, and her motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against her was properly denied regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Ritter, J.P., Florio, Carni and Leventhal, JJ., concur.